IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | :     CRIMINAL NO. 22-456 |
| ERIC ALLEN | : |

**GOVERNMENT'S CHANGE OF PLEA MEMORANDUM**

**I.     Background**

Defendant Eric Allen is charged in a two-count indictment with the possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), and possession of a machinegun, in violation of 18 U.S.C. § 922(o). The defendant expressed his intention to plead guilty to Counts One and Two, pursuant to a guilty plea agreement with the government, under Federal Rule of Criminal Procedure 11(c)(1)(C). The government is also seeking criminal forfeiture of the firearms and ammunition that he possessed: a Zastava, Model ZPAP92, 7.62x39mm semi-automatic pistol, bearing serial number Z92-078548; a Glock, Model 23, .40S&W caliber semi-automatic pistol, bearing serial number AELS561; a Palmetto State Armory, Model PA-15, 5.56x45mm pistol, bearing serial number SCD304099; a Glock, Model 19x, 9mm semi-automatic pistol, bearing serial number BRYN568; a Glock, Model 23, .40S&W caliber semi-automatic pistol, bearing serial number BGXZ665; a Glock, Model 23, .40S&W caliber semi-automatic pistol, bearing serial number BVAS666; a Charter Arms, Model Undercover, .38 Special caliber revolver, bearing serial number 599406; a Glock, Model 20, 10mm semi-automatic pistol, bearing serial number BWMS533; four unserialized machinegun conversion devices; and assorted rounds of ammunition. The defendant's counsel has the original guilty plea

1

agreement, which she will produce at the plea hearing. A change of plea hearing has been scheduled before the Honorable Mitchell S. Goldberg on February 21, 2024.

II.     **Applicable Statute and Essential Elements of the Offense**

>   Possession of a firearm by a felon, in violation of Title 18, United States Code, Section 922(g)(1)

Title 18, United States Code, Section 922(g)(1) provides, in pertinent part, "It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition."

To convict the defendant of possession of a firearm by a felon, the government must prove the following four elements:

1.  The defendant knowingly possessed a firearm;
2.  At the time of the charged act, the defendant had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year;
3.  At the time of the charged act, the defendant knew that he had been convicted of such an offense; and
4.  Such possession was in or affecting interstate commerce.

Possession of a Machinegun, 18 U.S.C. § 922(o)

Title 18, Section 922(o) provides: "(1) Except as provided in paragraph (2), it shall be unlawful for any person to transfer or possess a machinegun."
Machinegun as used in Section 922 as defined in section 5845 of the Internal Revenue Code of 1986: The term "machinegun" means any weapon which shoots, is designed to shoot, or can be

readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.

### III. Maximum Penalties

#### Count One– Possession of ammunition by a felon – 18 U.S.C. § 922(g)(1):

The defendant faces a maximum sentence of ten years' imprisonment, a three-year term of supervised release, a $250,000 fine, and a $100 special assessment.

#### Count Two– Possession of a machinegun – 18 U.S.C. § 922(o):

The statutory maximum penalty for 18 U.S.C. § 922(o) is set forth in 18 U.S.C. § 924(a)(2) as ten years' imprisonment, a three-year term of supervised release, a $250,000 fine, and a $100 special assessment.

### IV. Factual Basis for the Plea

On December 8, 2022, a grand jury indicted the defendant for one count of possession of a firearm by a felon, in violation of Title 18, United States Code, Section 922(g)(1), and one count of possession of a machinegun, in violation of Title 18, United States Code, Section 922(o)

On April 30, 2022, Upper Darby police received a radio call for a man outside of an apartment building with a firearm, threatening to kill everyone. A 911 caller described the male in detail and stated that he had thrown a firearm into the car and drove away when he heard police sirens approaching. The caller also described the car in detail. Mere minutes later, police located the car, a champagne-colored Honda Civic, on the same block as the apartment building

and saw two firearms in plain view lying on the front and rear passenger seats. The Defendant Eric Allen, who matched the description of the male, then approached the Honda before attempting to flee and actively struggling with three police officers. He was eventually arrested on the scene and a Honda key was found on him. The eyewitness positively identified him as the man outside the building with a firearm, making threats. An NCIC check revealed Allen did not possess a valid permit to carry a concealed weapon, and was, in fact, a felon.

Police seized the two firearms lying in plain view before towing the car. These two firearms, a black Glock 23 handgun containing .40 caliber ammunition, and a black Zastava Arms, Model ZPAP92 pistol containing 7.62x39 ammunition, were reported stolen out of Philadelphia in April 2022 and December 2021, respectively. A magazine and additional ammunition were also recovered with the firearms.

During a search of the Honda, police additionally recovered six additional firearms: (1) a Palmetto State Armory PA-15 Multi with a 30-round magazine containing 30 rounds of ammunition, (2) a tan Glock 19x with a fully automatic conversion device attached to the rear of the firearm's slide and a magazine containing 30 rounds of ammunition; (3) a green Glock 23 containing a magazine with 9 rounds of ammunition; (4) a black Glock 23 with a fully automatic conversion device attached to the rear of the firearm's slide and a magazine containing 14 rounds of ammunition; (5) a black Glock 20 containing a magazine with 15 rounds; and (6) a black Charter Arms Undercover revolver containing 5 rounds of ammunition. Police also recovered two additional Glock conversion devices in a bag, not affixed to firearms. In total, police recovered eight firearms, four Glock conversion devices, many rounds of ammunition, gun parts and spent shell casings. Police also found numerous mailings and receipts with the defendant's

name and address on them.    The defendant was in possession of two phones when he was arrested. Subsequent search warrants for the phones revealed several photos of firearms and the defendant posing with firearms.

At trial, the government would present testimony from officers at the Philadelphia Police Department as to operability of the firearms and the machinegun conversion devices. The government would additionally present an expert from the Bureau of Alcohol, Tobacco, Firearms and Explosives who would testify that the firearms charged in the indictment were manufactured outside of the Commonwealth of Pennsylvania and would have traveled in and affected interstate commerce to be possessed by the defendant in Pennsylvania on April 30, 2022.

Prior to April 30, 2022, the defendant had been convicted of a crime punishable by a term of imprisonment exceeding one year. Specifically, on or about June 18, 2018, the defendant was sentenced in the Common Pleas Court of Delaware County to Violations of the Uniform Firearm Act in violation of Pa.C.S. 18 § 3925 §§ A, a felony of the second degree, punishable by up to ten years' imprisonment and Pa.C.S. 18 § 6106, a felony of the third degree, punishable by up to seven years' imprisonment. (CP-23-CR-0002140-2018). Allen was sentenced to nine months to seven-hundred and twenty-nine days' incarceration, followed by three years' of probation. Therefore, on April 30, 2022, when the defendant possessed the firearms charged in the indictment, the defendant had knowledge that he was previously convicted of a crime punishable by a term of imprisonment exceeding one year.

V.	**Terms of Plea Agreement**

The Guilty Plea Agreement provides that:

- The defendant will plead guilty to Counts One and Two as charged in the indictment 22-CR-456 under Fed. R. Crim. P. 11(c)(1)(C).
- The parties have agreed that the following specific sentence is the appropriate disposition of this case: a sentence of imprisonment of between 60 and 75 months, a fine as directed by the Court, a three-year period of supervised release, and a $200 special assessment.
- If the Court does not accept this plea agreement, then either the defendant or the government will have the right to withdraw from the plea agreement and the defendant may withdraw the guilty plea.
- The defendant has agreed that the maximum penalty the Court can impose is as follows: twenty years' imprisonment, six years of supervised release, a $500,000 fine, and a $200 special assessment.
- No one has promised or guaranteed to the defendant that the Court will accept the plea agreement.
- The parties have agreed that they will not seek or recommend any sentence except that agreed upon in the guilty plea agreement.
- The defendant is satisfied with his counsel's representation.
- There are no promises or agreements other than those contained in the written plea agreement.

In the Acknowledgment of Rights form attached to the Guilty Plea Agreement, the defendant has acknowledged the various rights he is waiving by entering a plea of guilty.

## VI.     Conclusion

For the foregoing reasons, the United States requests that the Court accept the defendant's plea of guilty.

                    Respectfully submitted,

                    JACQUELINE C. ROMERO
                    United States Attorney

                    /s/ *Catherine S. Dos Santos*
                    CATHERINE S. DOS SANTOS
                    Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused a true and correct copy of the foregoing to be served via electronic mail upon the following:

Catherine C. Henry, Esquire
Federal Community Defender Office
Suite 540 – The Curtis
601 Walnut Street
Philadelphia, Pennsylvania 19106

/s/ *Catherine S. Dos Santos*
Catherine S. Dos Santos
Assistant United States Attorney

Dated: February 14, 2024